UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THOMAS TOREN NISSEN,<br>Petitioner,<br>v.<br>MELISSA ANDREWJESKI,<br>Respondent. | CASE NO. 3:26-cv-05854-RAJ-GJL<br><br>ORDER DENYING MOTION FOR COURT-APPOINTED COUNSEL WITHOUT PREJUDICE |

This 28 U.S.C. § 2254 habeas action has been referred to United States Magistrate Judge Grady J. Leupold. Currently before the Court is Petitioner Thomas Toren Nissen's Motion for Court-Appointed Counsel. Dkt. 4; *see also* Dkt. 5 (Supplement to Motion). Because Petitioner has not shown the appointment of counsel is warranted at this time, his Motion is **DENIED without prejudice**.

## I. LEGAL STANDARD

There is no right to have counsel appointed in cases brought under 28 U.S.C. § 2254, unless (1) counsel is required to prevent a due process violation, (2) an evidentiary hearing is required, or (3) such appointment is necessary for the effective utilization of discovery

procedures. *McCleskey v. Zant*, 499 U.S. 467, 495 (1991); *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *United States v. Duarte-Higareda*, 68 F.3d 369, 370 (9th Cir. 1995); *United States v. Angelone*, 894 F.2d 1129, 1130 (9th Cir. 1990); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983); Rules Governing Section 2254 Cases in the United States District Courts 6(a) and 8(c).

Even where habeas counsel is not required as a matter of right, the Court may appoint counsel for financially eligible petitioners "when it determines 'that the interests of justice so require.'" *Chaney*, 801 F.2d at 1196 (quoting 18 U.S.C. § 3006A); *see also Dillon v. United States*, 307 F.2d 445, 447 (9th Cir. 1962) (in circumstances where appointment of counsel is not mandated, the decision to appoint counsel falls within the "sound discretion of the court"). In deciding whether to appoint counsel, the Court evaluates "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt*, 718 F.2d at 954; *see also Stokes v. Roe*, 18 F. App'x 478, 479 (9th Cir. 2001).

## II. DISCUSSION

Upon review, the Court finds Petitioner has not demonstrated that appointment of counsel is warranted at this time. Petitioner's request for appointment of counsel is presented on a standard form that lacks information demonstrating why counsel should be appointed in this case. Dkt. 4 at 1–3. In his Motion, Petitioner answers only that no state or federal agency has reviewed the merits of his claims, that he has not attempted to obtain counsel on his own, and that he is presently incarcerated. *Id.* Petitioner also submits a financial affidavit and prison trust account statement to demonstrate his financial eligibility for appointed counsel. *Id.* at 4–5; Dkt.

5-1. Aside from his potential financial eligibility, Petitioner's submissions do not demonstrate circumstances necessary to obtain court-appointed counsel in this federal habeas action.

Indeed, this case remains in its early stages, and the Court only recently directed Respondent to file an answer to the Petition. Dkt. 6 (entered September 9, 2026). The Court has not determined that an evidentiary hearing or discovery are necessary in this case. Nor has Petitioner demonstrated at this stage that he is likely to succeed on the merits. Moreover, Petitioner's filings to date demonstrate that he is capable of articulating his claims in a clear and understandable manner, and the legal issues presented do not presently appear sufficiently complex to warrant appointment of counsel. Dkt. 3.

Accordingly, the Court concludes that Petitioner has not shown that appointment of counsel is required as a matter of right or that such an appointment would be in the interest of justice at this time.

## III. CONCLUSION

For the reasons above, Petitioner's Motion for Court-Appointed Counsel (Dkt. 4) is **DENIED without prejudice**.

Dated this 9th day of September, 2026.

Grady J. Leupold
United States Magistrate Judge